IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE: APRIL WEBB,            )
                DEBTOR.    )        CHAPTER   13
                                   )
                                   )        CASE NO.  7-04-02325-WSR-13
                                   )

MEMORANDUM DECISION  DENYING MOTION TO RECONSIDER

      On October 27, 2004 this Court entered an order dismissing this case.  The docket history for the case indicates that this order was served by the Bankruptcy Noticing Center on October 29, 2004. This dismissal order followed the Debtor's failure to comply in a timely manner with all of the requirements of a  "Chapter 13 Continuance Order" entered on August 17, 2004  and to respond to the "Trustee's Certification That Case Should Be Dismissed" dated September 8, 2004 and order requiring a response within 15 days of its date of September 10, 2004. On November 9, 2004 the Debtor filed her "Motion To Reconsider Order Dismissing Case", which came on for hearing on December 6, 2004.  At that time no creditor appeared but the Chapter 13 Trustee did appear and objected to the granting of the Motion.  The Motion was taken under advisement at that time to permit counsel for the Debtor and the Trustee to submit written arguments is support of their respective positions.  Although, unfortunately, the Motion was filed just one day late to be considered as a motion for a new trial pursuant to Bankruptcy Rule 9023, it is untimely for a reconsideration under that Rule.  Accordingly, the Motion must be considered under Bankruptcy Rule 9024, which generally incorporates Rule 60 of the Federal Rules of Civil Procedure.  Counsel for the Debtor admits that the Motion was not timely filed due to his "neglect", but as the Trustee notes, there is no showing or argument that this "neglect" was

excusable within the meaning of Rule 60(b)(1). The Court believes that the only other possible ground to consider vacating the dismissal order is pursuant to Rule 60(b)(6): "any other reason justifying relief from the operation of the judgment." That reason would be the work which has already been done in the case by Debtor's counsel which would be lost should the case not be reinstated and the benefit both to the Debtor and the creditors as well as the goal of judicial economy which would be served by allowing this case to go forward rather than requiring that a new petition be filed. The Chapter 13 Trustee correctly notes that the August 17 Continuance Order required, among other things, that the Debtor's default in plan payments be cured by September 6, 2004 and that this failure has yet to be remedied. A wage deduction order was entered by the Court on September 24, 2004, but the dismissal order directed the employer to cease making deductions from the Debtor's earnings. Counsel for the Debtor has not made any representation that the Debtor has been paying the amount which would have been withheld by her employer pursuant to the wage deduction order into counsel's trust account or otherwise reserved it to pay to the Trustee should her Motion be granted. The Motion asserts that the Debtor's arrearage to the Trustee could be cured by filing an amended plan extending the number of months of the Plan. It is now just over two months since this case was dismissed.

The Court has given serious consideration to the arguments of Debtor's counsel. In no sense does it wish to deny the Motion from any punitive motivation regarding the Debtor's or counsel's failure to perform their respective obligations with dispatch. Nevertheless, the Court believes that case dismissal orders should be vacated only when clearly sufficient grounds are shown because it believes that all parties in interest, including the Debtor and her creditors, should be able to rely on the fact that the case has been dismissed and the automatic stay is no longer in effect. When dismissal orders are vacated, the intervening actions of the Debtor and, if

applicable, her creditors, may be left in doubt. In this case while the Debtor and her counsel did move to satisfy the requirements of the August 17 Continuance Order, the Debtor did not cure her deficiency of Plan payments to the Trustee. Neither has she offered in connection with her Motion To Reconsider to pay to the Trustee the amount necessary to cure her deficiency and the amount accruing but unpaid since the case's dismissal. The Debtor proposes to file yet another proposed Chapter 13 Plan to extend the term to 48 months. The Court concludes that while reinstating the case might save some work and might even be of benefit to the parties in interest, on balance the equities fall on the side of upholding the integrity of the existing dismissal order, which was entered without prejudice or any restrictions upon refiling. Indeed, filing a new petition will permit the Debtor to start over without having to address the deficiency in Plan payments in this case and is likely to increase the chances of the Debtor filing a confirmable plan and successfully completing it. Furthermore, denying the Motion serves the important policy goal of communicating to debtors and their counsel that requirements contained in court orders must to be satisfied or motions filed requesting extensions or waivers for cause shown and upon notice to all parties in interest, upon penalty of the provisions of such orders being enforced. Accordingly, with some degree of personal regret, the Court by separate order will deny the Motion To Reconsider.

This __3rd__ day of __January__, 200_5_.

_William F. Stone, Jr._
United States Bankruptcy Judge